UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                                         Plaintiff(s),<br><br>      v.<br><br>MGM RESORTS INTERNATIONAL,<br><br>                                         Defendant(s). | Case No.2:24-CV-1112  JCM (MDC)<br><br>ORDER |

Presently before the court is petitioner Federal Trade Commission's ("FTC") petition to enforce a civil investigative demand ("CID"). (ECF No. 2). Respondent MGM Resorts International ("MGM") filed a cross motion to dismiss, transfer, or stay the FTC's petition. (ECF No. 6). The FTC filed a response (ECF No. 11), to which MGM replied. (ECF No. 15).

Also before the court is the FTC's motion for an order to show cause. (ECF No. 3). MGM filed a response (ECF No. 7), to which the FTC replied. (ECF No. 12).

**I.      Background**

This action arises out of the FTC's investigation into MGM's acts and practices related to the privacy and data security of its consumers. (ECF No. 2 at 4). In September 2023, MGM experienced a data security breach that implicated its consumers' personal information. (*Id*.). On January 25, 2024, the FTC issued a CID to MGM, demanding specific documents and information as part of its investigation. (*Id*. at 4-5). MGM filed a petition to quash or limit the CID, which the FTC denied. (*Id*. at 5).

On April 15, 2024, MGM filed a complaint in the United States District Court for the

District of Columbia (the "D.C. case").  (*Id*. at 5).  MGM's complaint alleges four constitutional due process claims, contesting the FTC's CID.  (ECF No. 6 at 3).

The FTC now moves for this court to: (1) issue an order requiring MGM to show cause why it should not comply with the CID, and (2) grant the FTC's petition, and order MGM to comply with the CID.  (ECF Nos. 2; 3).  MGM cross-moves to either dismiss, transfer, or stay the FTC's petition.  (ECF No. 6).

## II.     Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404.  District courts retain discretion when deciding whether to transfer a case to another venue.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The purpose of Section 1404(a) is to prevent the waste of "time, energy, and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense…" *Ferens v. John Deere Co.*, 494 U.S. 516, 525, 531 (1990) (quoting *Continental Grain Co. v. Barge FBL*-585, 364 U.S. 19, 26-27 (1960)) (quotations omitted).

The first-to-file rule "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *see Olin Corp. v. Cont'l Cas. Co.*, No. 2:10-CV-00623-GMN, 2011 WL 1337407, *2 (D. Nev. April 6, 2011) (holding that the purpose of the first-to-file rule is to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result").

**III.    Discussion**

A.  First-to-file rule

MGM argues that this matter should be transferred to the District of D.C. pursuant to the first-to-file rule.  (ECF No. 6 at 4).  The court analyzes three factors when deciding whether the first-to-file rule applies: "chronology of the lawsuits, similarity of the parties, and similarity of the issues."  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).

Here, the first-to-file rule applies.  It cannot be disputed that MGM filed its complaint first; the parties are the same in both actions; and the issue in both suits is the FTC's CID.  (*See* ECF Nos. 2; 6).

B.  28 U.S.C. § 1404(a)

However, MGM has not met its burden of proving that the transfer of venues is proper under § 1404(a).  "Although the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of § 1404(a) cabin the exercise of that discretion."  *In re Bozic*, 888 F. 3d 1048, 1054 (9th Cir. 2018).

"A contrary understanding of the interaction between the first-to-file rule and § 1404(a) would allow a judge-made doctrine to contravene a congressionally enacted statute—a result that the Supreme Court has made clear we cannot countenance."  *Id*. (citing *Nostrand v. Little*, 362 U.S. 474, 477 (1960) ("Where the language of a statute is plain, unambiguous, and well understood according to its natural and ordinary sense and meaning, the statute itself furnishes a rule of construction beyond which the court cannot go").  Therefore, the first-to-file rule cannot, on its own, serve as a basis for transfer as MGM contends.  (ECF No. 6 at 7).

This court must determine whether the instant matter could have been brought in the

District of D.C. *See* 28 U.S.C. § 1404(a). MGM contends that the FTC may file its petition in "any judicial district in which [MGM] resides, is found, or transacts business…" pursuant to 15 U.S.C. § 57b-1(e). (ECF No. 6 at 8).

MGM argues that it is sufficient to merely state that it does business in Washington D.C., and because it has already availed itself of the courts there, it has submitted to that court's specific personal jurisdiction. (ECF No. 15 at 7). The FTC opposes, arguing that MGM fails to provide any evidence that it transacts business in D.C. (ECF No. 11 at 6).

The burden of proof is on the moving party. *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Here, MGM has failed to provide any evidence that this action could have been brought in the District of D.C. MGM's contention that "[i]t should suffice that MGM states that it does business in Washington, D.C." is not sufficient evidence to support transferring this matter under § 1404(a).

Thus, while transfer may be proper under the first-to-file rule, the court does not find that transfer is proper under § 1404(a). *See In re Bozic*, 888 F. 3d at 1054.[1] MGM's motion to transfer is denied without prejudice.

C.  Stay pending resolution of the D.C. case

Alternatively, MGM requests that this matter be stayed pending resolution of the D.C. case. (ECF No. 6 at 4). District courts have broad discretion to stay proceedings as an incident to their power to control their own dockets. *Clinton v. Jones*, 520 U.S. 681, 683 (1997). A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a

---

[1] Because MGM has failed to show that this matter could have been brought in the District of D.C., the court need not analyze whether MGM has made "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Hope v. Otis Elevator Co.,* 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005) (quoting *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986)).

- 4 -

stay of an action, pending resolution of the independent proceedings which bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

The resolution of this matter bears upon the D.C. case. If MGM were to prevail in that action, the instant matter could be moot. Moreover, this court will not disturb any findings of the D.C. court. Therefore, the court will stay this matter pending resolution of the D.C. case.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the FTC's petition to enforce a CID (ECF No. 2) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that the FTC's motion for an order to show cause (ECF No. 3) be, and the same hereby is, DENIED without prejudice. The FTC may refile its motions (ECF Nos. 2; 3) after the resolution of the D.C. case, if it so chooses.

IT IS FURTHER ORDERED that MGM's cross-motion to dismiss, transfer, or stay (ECF No. 6) be, and the same hereby is, GRANTED in part, and DENIED in part without prejudice.

IT IS FURTHER ORDERED that this matter is STAYED pending the resolution of the D.C. case (case number, 24-01066 (D.D.C)).

IT IS FURTHER ORDERED that within 14 days of the completion of the D.C. case, the parties shall file a joint status report apprising the court of the status of this action.

DATED December 13, 2024.

_____
UNITED STATES DISTRICT JUDGE